UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARILYNN J. PHILLIPS, PhD.
2673 Oswald Drive
Hampstead, MD 21074-1059

    Plaintiff,

vs.                                                                               Case No.

SHRI SHIVA CORPORATION
d/b/a RAMADA BALTIMORE WEST
6422 Baltimore National Pike
Baltimore, Maryland 21228

    Defendant.

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### Jurisdiction and Venue

1.    This is an action for declaratory and injunctive relief, under the Americans With Disabilities Act of 1990, and the ADA Amendments Act of 2008 42 U.S.C. §12101 et. seq. (collectively the "ADA") , which prohibit discrimination against persons with disabilities with regard to their full enjoyment of and access to places of public accommodations.

2.    The Court has jurisdiction to entertain this action under 28 U.S.C. §§1331 and 1343, as a case arising under a federal civil rights law.

3.    Venue is proper under 28 U.S.C. §1391(b) and applicable Local Rules, in that all material events occurred within the Court's assigned geographical area.

### Parties

4.    Plaintiff, Marilynn Phillips, PhD. ("Phillips"), is an adult resident of Maryland, and an individual with a disability substantially limiting life activity, covered by the ADA, in that she has post-polio, and uses a wheelchair for mobility.

1

5. Defendant Shri Shiva Corporation ("Shri Shiva") is a Maryland corporation and the owner and operator of the Ramada Baltimore West, a motel located at 6422 Baltimore National Pike, Baltimore, Maryland ("Motel").

### The Motel is a Place of Public Accommodation

6. The Motel is a place of public accommodation under Title III of the ADA, as defined by 42 U.S.C. §12181(7)(A).

### ADA Prohibition of Discrimination by Public Accommodation

7. Title III of the ADA, specifically 42 U.S.C. §12182, prohibits discrimination against any individual on the basis of disability, in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to) or operates a place of public accommodation, including failure to make appropriate modification in policies, practices or procedures, and/or to remove architectural barriers that are structural in nature, in existing facilities, where such removal is readily achievable.

### Architectural Barriers to Access

8. There are architectural barriers violative of the ADA at the Motel, which include but are not limited to the following:

   a) There is no accessible path of travel from the passenger loading area to the main entrance of the Motel;
   b) Appropriate signs identifying the "accessible" parking spaces are not provided;
   c) The access aisle between the two "accessible" parking spaces is too narrow;
   d) The counter surface height at the reception desk in the lobby is too high;
   e) Exterior signage for guest room doors is mounted on the door, as opposed to the wall adjacent to the latch side of the door;
   f) Interior signage informing guests of Motel and emergency information is mounted too high, the font is too small, and lacks braille characters;

g)   The interior locking mechanism provided in room 107[1] requires tight grasping, pinching or twisting of the wrist to operate;
h)   There is no clear path of travel to the temperature controls provided in room 107;
i)   The temperature controls in room 107 require tight grasping, pinching or twisting of the wrist to operate;
j)   The mattress surface in room 107 is higher than 17-19" above the finish floor;
k)   No luggage rack is provided in room 107;
l)   The hardware on the door to the bathroom in room 107 requires tight grasping, pinching and/or twisting of the wrist to operate;
m)   The locking mechanism on the door to the bathroom in room 107 requires tight grasping, pinching, and/or twisting of the wrist to operate;
n)   Hooks mounted on the bathroom door in room 107 are mounted out of reach range;
o)   The flush valve on the water closet in room 107 is not mounted on the open side of the water closet;
p)   The bathtub in room 107 is less than 60" long;
q)   There is no clear path of travel provided in the toilet room in room 107 to the bath/shower controls;
r)   The bath/shower controls in room 107 require tight grasping, pinching and/or twisting of the wrist to operate;
s)   Required maneuvering clearances are not provided in front of the bathtub in room 107 to access the shower controls;
t)   The hand held shower unit in room 107 is mounted out of reach range;
u)   The tub seat in room 107 is not slip resistant;
v)   The tub seat in room 107 has an approximately 3" lip where it transitions from the seat to the bathtub;
w)   The grab bar in the bathtub in room 107 is too short;
x)   There is only one grab bar in the bathtub in room 107;
y)   There are no roll-in shower units provided in the Motel;
z)   There is no side-approach provided to the water-closet in the bathroom in room 107:
aa)   No rear grab bars are provided at the water-closet in the bathroom in room 107;
bb)   The lavatory faucet controls in the bathroom in room 107 require tight grasping, pinching and/or twisting of the wrist to operate;
cc)   No towel rack is provided at the lavatory in the bathroom in room 107;
dd)   The tissue dispenser in the bathroom in room 107 is mounted out of reach range;

---

[1] Phillips stayed in Room 107, which was designated as accessible by Shri Shiva. Phillips was informed by an employee of Shri Shiva that the three rooms designated as "accessible" are identical in design and features provided.

ee) The light controls and hair-dryer in the bathroom in room 107 are mounted out of reach range;

ff) The highest operable part of the towel/toilet paper storage rack in the bathroom in room 107 is mounted out of reach range;

gg) The clothes hanging bar in the closet in room 107 is mounted out of reach range;

hh) There is no accessible route of travel from the designated accessible guest rooms to the breakfast room;

ii) The curb ramp en route to the breakfast/meeting room is too steep;

jj) The curb ramp in the preceding paragraph (ii) does not provide a smooth transition from the ramp surface to the parking lot;

kk) The curb ramp referenced in paragraph (ii) lacks edge protection;

ll) The exterior entrance to the breakfast area lacks adequate and compliant signage;

mm) There is no accessible path of travel provided between the upper and lower levels of the breakfast/meeting area, rendering the upper level of the breakfast/inaccessible;

nn) No vertical access is provided to the toilet room in the breakfast area;

oo) The toilet room provided in the breakfast area is not compliant as follows:
  1) The door hardware requires tight grasping, pinching and/or twisting of the wrist to operate;
  2) The interior door lock requires tight grasping, pinching and/or twisting of the wrist to operate;
  3) The flush valve is not mounted on the open side of the toilet area;
  4) There is insufficient leg clearance provided underneath the lavatory;
  5) No grab bars (side or rear) are provided at the water closet;
  6) Required maneuvering clearances (front and side) are not provided at the water closet;
  7) The mirror above the lavatory is mounted too high;

pp) The water fountain is not accessible;

qq) The "accessible" parking spaces are not adequately dispersed throughout the parking area;

rr) No accessible parking spaces are provided near the pool area;

ss) There is no lift or ramp provided to access the swimming pool;

tt) There is no accessible path of travel provided to the business center;

uu) The foregoing items are examples of observed ADA non-compliance, and upon information and belief, there are other areas of ADA non-compliance at the Motel.

9. By failing to remove existing architectural barriers, Shri Shiva has discriminated against persons with disabilities, specifically those with mobility impairments, by denying them

full and equal enjoyment of goods, services, facilities, privileges, advantages and accommodations offered at the Motel, in violation of Title III of the ADA, specifically 42 U.S.C. §12182 (a).

### Failure to Remove Architectural Barriers or Modify Policies: Unlawful Discrimination

10. Shri Shiva has failed to remove the above mentioned architectural barriers at its Motel and to make reasonable modification in its policies, practices and procedures to afford full and equal access and enjoyment of the Motel by person with disabilities covered by Title III of the ADA, in violation of 42 U.S.C. §12182(b)(2)(A).

### Standing: Phillips' visit and Intention to Return to the Motel

11. Phillips has visited the Motel, but was injured because her full and equal enjoyment of the Motel was denied and curtailed by the presence of the architectural barriers set forth above.

12. Phillips has a present intention and desire to visit the Motel again.

### Notice Provided by Phillips

13. Prior to filing the present action, though not required by the ADA, Phillips provided notice to Shri Shiva of the observed barriers to access by way of e-mail dated and sent on October 14, 2015 to Shri Shiva. To date, Shri Shiva has failed to provide a meaningful and substantive response to Phillips as to whether, and if so, how, it intends to address the issues raised in her letter, and particularly set forth herein.

WHEREFORE, Phillips demands judgment against Shri Shiva, and requests:

A. That the Court declare that the place of public accommodation at issue in this case, to wit, the Motel, owned, leased and/or operated by Shri Shiva is not readily accessible to Phillips violative of the ADA;

5

B. That the Court enter an order directing Shri Shiva to alter and renovate the place of public accommodation at issue in this case, to wit, the Motel, to make it readily accessible to and usable by individuals with disabilities to the full extent required by the ADA;

C. That the Court enter and order directing Shri Shiva to evaluate and neutralize their policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow it to undertake and complete the alterations and renovation at the place of public accommodation at issue in this case, to wit, Motel;

D. That the Court award reasonable attorneys' fees, litigation costs (including expert fees) and other expenses of suit, to Phillips; and

E. That the Court award such other and further relief as it deems necessary, just and proper.

Respectfully submitted,

/s/ Joel R. Zuckerman
Joel R. Zuckerman
Federal Bar No. 012730
Maxwell Barke & Zuckerman LLC
51 Monroe Place, Suite 806
Rockville, Maryland 20850
Telephone: (301) 309-8300
Facsimile: (301) 309-8303
email@maxlaw.us
*Attorney for Plaintiff*